The Honorable Clarence Bell State Senator P.O. Box 282 Parkin, AR 72373
Dear Senator Bell:
This is in response to your request for an opinion on the following question:
 When a person must be transported to a mental health receiving facility for purposes of a voluntary or involuntary commitment evaluation, whose responsibility is it (the city or county) to provide such transportation services?
Prior to 1989, the responsibility for transporting persons to mental health receiving facilities was placed primarily on the sheriffs of the counties in which the persons to be committed were located. See A.C.A. §§ 20-47-210(b) and 20-47-213(b) (1987). The legislature changed these provisions in 1989, evidencing an intent to spread the responsibility among law enforcement agencies.
With respect to involuntary commitments, transportation may be necessary for an immediate confinement, if the person appears to be of danger to himself or others, or for an evaluation determined to be necessary after an initial hearing. See A.C.A. §§ 20-47-210 and 20-47-213(d) (Supp. 1989). In the case of an immediate confinement, transportation to the mental health facility may be provided by any interested citizen, or:
 If no other safe means of transporting the individual is available, it shall be the responsibility of the law enforcement agency that exercises jurisdiction at the site where the individual is physically located and requiring transportation, or unless otherwise ordered by the judge.
A.C.A. § 20-47-210(a) and (b). Under this provision, the responsibility for transporting a person to a mental health receiving facility falls on the law enforcement agency having jurisdiction over the location of the person to be committed. Generally, this is the sheriff and the police of the respective county and city involved. In the city, it appears that either of these two agencies could be ordered to provide transportation; outside the city, however, the sheriff is most likely responsible for providing transportation to the facility. The court retains the ultimate authority to determine who should transport an individual to a mental health facility, and can order anyone to do so, if it chooses. See A.C.A. § 20-47-210(b).
When an immediate confinement is not necessary, but it is determined after an initial hearing that the person should be evaluated to determine the need for mental health services on an involuntary basis, the court may direct either a law enforcement officer or the family of the person to be committed to transport the person to the place of evaluation. A.C.A. § 20-47-213(d). This provision appears to limit the court's transportation choices to law enforcement officers, assuming the family does not provide the transportation. Presumably, these would be the same law enforcement officers authorized to provide transportation under A.C.A. § 20-47-210(b).
In a voluntary commitment, the responsibility for providing transportation to a mental health receiving facility is not specifically provided by law.[1] Ordinarily, the person seeking to be committed to a mental health facility transports himself or herself to the facility. In the rare instances in which the person to be committed does not transport himself to the mental health facility and cannot otherwise arrange transportation, the court could presumably order a law enforcement agency with jurisdiction over the person's location to provide transportation to the facility, in accordance with the procedure followed in involuntary commitments.
In conclusion, it is my opinion that the responsibility for transporting individuals to mental health receiving facilities is generally shared by the law enforcement agencies having jurisdiction over the location of the person to be committed. The law permits the court to order any of these law enforcement personnel and, in some instances, anyone else it chooses, to provide the necessary transportation.
This opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
[1] The law does provide, however, that when a person voluntarily admitted to a facility absents himself and, in the opinion of the treatment staff of the facility, the person meets the criteria for involuntary admission, the court may issue a pick-up order for the person, and it shall be the "responsibility of the sheriff of the county or a law enforcement officer of the first-class city in which the individual is physically present to transport the individual" back to the facility. In these situations, then, either the sheriff of the county or, if the person is in a first-class city, a law enforcement officer of that city, would be responsible for transporting the person back to the facility, as ordered by the court. See A.C.A. §20-47-204(4)(A) (Supp. 1989).